**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2020[*]
Decided March 19, 2020

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3103

| | |
|---|---|
| RYAN D. KRUEGER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 19-C-1470 |
| | |
| JOSH KAUL, et al., | William C. Griesbach, |
| *Defendants-Appellees*. | *Judge*. |

---

[*] The district court dismissed the complaints in these cases at screening, *see* 28 U.S.C. § 1915(e)(2)(B), before any defendant appeared. The appellees are not participating in the appeals. We have agreed to decide the cases without oral argument because the briefs and records adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

No. 19-3379

RYAN D. KRUEGER,                                  Appeal from the United States District
        *Plaintiff-Appellant,*                    Court for the Eastern District of Wisconsin.

        *v.*                                       No. 19-C-1670

CARRIE STAGE and AARON                            William C. Griesbach,
KRZEWINSKI,                                        *Judge.*
        *Defendants-Appellees.*

**O R D E R**

In these appeals, which we have consolidated for decision, Ryan Krueger challenges the district court's dismissals of his complaints alleging violations of his right under the Americans with Disabilities Act to have a veteran's "advocate" accompany and communicate for him in a state-court proceeding. The district court dismissed the complaints at screening, *see* 28 U.S.C. § 1915(e)(2)(B), for failing to state a claim upon which relief could be granted. We affirm the judgments.

Recently, we decided an appeal in the first of Krueger's three federal cases challenging the same ongoing paternity suit in state court. Krueger alleged in his first suit that the family-court commissioner violated his right under the Act to have an advocate during the proceeding to facilitate his participation (Krueger has PTSD). The district court dismissed the complaint, and the case became moot on appeal because the commissioner told Krueger that he was entitled to have a lay advocate present. *See Krueger v. Wisconsin*, 790 F. App'x 828 (7th Cir. 2020).

But events in the state-court proceeding led Krueger to file suit in federal court twice more. First, Krueger sued the commissioner for limiting what the advocate could do for him in court. Krueger alleged, without much detail, that she interfered with his ability to have an effective advocate, violating the Act. In the same complaint, he sued a county veterans-service officer and a sheriff's deputy, alleging that, with the commissioner's permission, they attended a hearing only to intimidate him. He appeared to seek declaratory or injunctive relief, stating that these violations "must stop." In the second new case, Krueger sued the mother of his children (the petitioner in

the paternity suit) and her lawyer, alleging that they violated his rights under the Act (citing 42 U.S.C. § 1983 as well) by seeking to reduce the role of his advocate, apparently by arguing that the lay advocate was practicing law without a license.

The district court dismissed both complaints at screening for failure to state a claim. The commissioner was immune from a suit for damages, the court reasoned, and injunctive relief was untenable because Krueger did not allege that he would be subject to similar conduct in the future. Further, the court "lacked jurisdiction" to review the decision to allow the officer and deputy to observe the hearing, and Krueger's allegations of intimidation were too conclusory. As to the second complaint, the court dismissed the claims against the petitioner and her attorney because Title II of the Act does not create liability for discrimination by private individuals, and it dismissed the claims under 42 U.S.C. § 1983 because the defendants were not state actors. The court warned Krueger that should he file any more frivolous suits, he could be sanctioned.[1]

On appeal, Krueger argues that the district court erred by dismissing his first complaint without determining "what an ADA Advocate can and cannot do" in his state-court proceeding. Unlike the district court, we view Krueger as fairly alleging that the commissioner will continue to deny him the ability to have an effective advocate; he asserted, in describing his requested relief, that this behavior "must stop." And nothing suggests that the proceeding has ended.

But the relief Krueger seeks—an order directing the state court how to conduct its ongoing proceeding—runs contrary to the principles of equity, comity, and federalism underlying our abstention doctrines, so the district court could not have properly exercised jurisdiction over this claim. *See Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1065–66 (7th Cir. 2018); *see also SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677–82 (7th Cir. 2010). This matter does not fit neatly into the scenarios under which it is appropriate to abstain under *Younger v. Harris*, 401 U.S. 37 (1971): the paternity case is not a criminal proceeding; it is not a civil enforcement proceeding akin to a criminal prosecution (the state is not a party, and Krueger is not a target); and it does not touch on a state's interest in enforcing the orders and judgments of its courts. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77–79 (2013) (describing *Younger*'s scope); *see also*

---

[1] Krueger then unsuccessfully tried to remove the underlying paternity action to federal court. Finding his conduct to be part of a "pattern of abusive and duplicative litigation," the district court fined Krueger $400 and imposed a filing restriction. *Stage v. Krueger*, No. 20-C-65, 2020 WL 241553, at *2 (E.D. Wis. Jan. 16, 2020).

*Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815–16 (7th Cir. 2014) (noting that *Younger* applies in "exactly three classes of cases"). But as in *Courthouse News*, Krueger seeks a level of intrusion by a federal court into the state court's operations that is "simply too high," at least before the state courts have had a chance to consider the issue. 908 F.3d at 1074. In effect, Krueger asked for a writ of mandamus to a state-court commissioner directing the scope of the advocate's participation in the pending case, and that is not within the province of the federal courts.

Krueger's remaining arguments lack merit. He asserts that he has evidence to support his allegations of "intimidation" by the service officer and sheriff's deputy. But, assuming that Krueger was intimidated, nothing in his complaint plausibly suggests that because of these defendants (who appear to be public employees) he was "excluded from participation in" or "denied the benefits of" public services, programs, or activities. 42 U.S.C. § 12132; *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The district court was also correct to dismiss Krueger's claims against the petitioner and her attorney under Title II of the Act because that section covers discrimination only by public entities. *See Ashby v. Warrick Cty. Sch. Corp.*, 908 F.3d 225, 230, 234 (7th Cir. 2018) (describing elements of claim and affirming grant of summary judgment in favor of public school where event was organized and maintained by a private museum). Krueger also contends that he stated a claim under 42 U.S.C. § 1983 against the attorney because he is an "officer of the court," but—even assuming Krueger alleged a violation of a constitutional right—this is insufficient, standing alone, to suggest any action taken "under color of state law." *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19 (1981).

AFFIRMED